ELIZABETH A. BROWN (SB# 235429)
KATHERINE C. HUIBONHOA (SB# 207648)
MARIO C. ORTEGA (SB# 272455)
lisabrown@gbgllp.com
kathyhuibonhoa@gbgllp.com
marioortega@gbgllp.com
GRUBE BROWN & GEIDT LLP
601 Montgomery Street, Suite 1150
San Francisco, CA  94111
Telephone:  (415) 603-5000
Facsimile:  (415) 840-7210

Attorneys for Defendants
THERMO FISHER SCIENTIFIC, INC. and
MICROGENICS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA M. MEGGS, on behalf of herself, all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THERMO FISHER SCIENTIFIC, INC., a Delaware corporation; MICROGENICS CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS THERMO FISHER SCIENTIFIC INC. AND MICROGENICS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>(Alameda Superior Court No. RG17887488) |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF CYNTHIA M. MEGGS AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants THERMO FISHER SCIENTIFIC INC. ("Thermo Fisher") and MICROGENICS CORPORATION ("Microgenics") (collectively "Defendants") hereby remove this action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California. Thermo Fisher removes this action pursuant to 28 U.S.C. §§ 1332, as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, § 4(a) and 1441(a) and (b), for the following reasons:

I.   **THE STATE COURT ACTION**

On or about December 29, 2017, Plaintiff Cynthia M. Meggs filed a Complaint in the Superior Court of the State of California for the County of Alameda ("Superior Court") entitled "*CYNTHIA M. MEGGS, on behalf of herself, all others similarly situated v. THERMO FISHER SCIENTIFIC, INC., a Delaware corporation; MICROGENICS CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive*" designated as Case No. RG17887488 (the "Action").  A true and correct copy of Plaintiff's Complaint in the Action is attached to this filing as Exhibit A.[1]  *See also* Declaration of Elizabeth A. Brown ("Brown Decl."), ¶ 3, Ex. A.

The Complaint alleges the following purported causes of action: (1) failure to pay all straight time wages; (2) failure to pay overtime; (3) failure to pay hourly wages; (4) failure to provide accurate written wage statements; (5) failure to timely pay all final wages; and (6) violation of California's Unfair Competition Law.

Plaintiff brings the action on behalf of herself and a proposed class defined as: "All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the Relevant Time Period."  Compl. ¶ 11 "Relevant Time Period" is defined as the time period beginning December 29, 2013. *Id*.  Plaintiff

---

[1] In accordance with 28 U.S.C. § 1446(a), the Complaint and all other publicly-available process, pleadings or orders that were served on Thermo Fisher in this action also are attached to this filing as Exhibit A.

Case No.

88620413.3

-1-   DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  also proposes five (5) separate subclasses.  *Id.*

2  On or about January 3, 2018, Plaintiff served the Summons, Complaint, and related documents on Thermo Fisher and Microgenics.  Brown Decl., ¶ 4, Ex. B.

4  Defendants Does 1 through 50 are unnamed and unknown, and therefore have not been served with the Complaint.  *See* Compl. ¶ 7.

6  Thermo Fisher filed an answer in response to Plaintiff's Complaint on January 30, 2018.  *See* Brown Decl. ¶¶ 5-6, Ex. C.

## II. SATISFACTION OF 28 U.S.C. §§ 1441(a) AND 1446

This Notice of Removal is timely.  It is filed within thirty (30) days of receipt of the Complaint, making this matter removable pursuant to 28 U.S.C. § 1446(b).

Additionally, Defendants will comply with all procedural prerequisites for removal.  Promptly after filing this removal, Defendants will serve written notice to Plaintiff and to the Superior Court of California for the County of Alameda, as required by 28 U.S.C. § 1446(d).  True and correct copies of this Notice is attached as Exhibit E to the Brown Decl.

Venue lies in this District pursuant to 28 U.S.C. § 1441(a) because the Superior Court where the removed case was pending is located within this District.

This Action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to 28 U.S.C. § 1441(a) on the grounds set forth in Section III below.

## III. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THE ACTION

This action is properly removed to this Court under the rules for diversity of citizenship jurisdiction under the Class Action Fairness Act of 2005, Pub. L. 109-2, §4(a), 119 Stat. 9.  The Class Action Fairness Act of 2005 amended 28 U.S.C. § 1332 to provide that a putative class action is removable to federal court if: (a) any member of a class of plaintiffs is a citizen of a state different from that of any defendant; (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (c) the number of members of all proposed plaintiff classes is at least 100.  This action meets all of these requirements.

A. **The Proposed Class Members Number At Least 100.[2]**

Approximately 2,775 individuals fall within Plaintiff's definition of the proposed putative class of "All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during [the time period beginning December 29, 2013]." ("Putative Class Members"). Compl. ¶ 11; Declaration of Jason Moss ("Moss Decl.") ¶ 3. Therefore, the requirement that the proposed class consist of at least 100 members is satisfied.

B. **Any Member Of A Class Of Plaintiffs Is A Citizen Of A State Different From That Of Any Defendant.**

Defendants are informed and believe that Plaintiff is now, and was at the time the Action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. §1332(a). *See* Compl. ¶ 4.

At all times relevant to this action, Plaintiff worked as a non-exempt customer service representative in Fremont, California. *See* Declaration of Sonjia Jeter ¶¶ 4-5 ("Jeter Decl."). At least one Putative Class Member listed California as his or her state of residence in Thermo Fisher's business records. *See* Moss Decl. ¶ 7.

Thermo Fisher is now, and was at the time this Action was commenced, a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1) because it is now, and was at the time this Action was commenced, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Massachusetts. *See* Declaration of Sharon Briansky ("Briansky Decl.") ¶¶ 3-5.

Microgenics is now, and was at the time this Action was commenced, a citizen of Delaware within the meaning of 28 U.S.C. § 1332(c)(1) because it is now, and was at the time this Action was commenced, a corporation organized under the laws of the State of Delaware. *See* Briansky Decl. ¶ 6.

Defendants are the only defendants named in this Action. The presence of Doe

---

[2] With this removal Defendants do not concede that Plaintiff can establish the requisite elements of class certification.

defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded.").

### C.   The Amount In Controversy Exceeds $5,000,000, Exclusive Of Interest And Costs.

Without admitting that Plaintiff and/or the proposed class could recover any damages, the amount in controversy placed by Plaintiff in this Action, in which Plaintiff asserts a maximum four-year liability period for all of her claims, exceeds $5,000,000, exclusive of interest and costs.[3]

Under the removal statute, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

Between December 29, 2016 and September 13, 2017, there were approximately 2,117 individuals employed in California in non-exempt positions by Thermo Fisher and its related entities. Moss Decl. ¶ 6. Thus there are approximately 2,117 individuals who are alleged to fall within the scope of Plaintiff's purported class definition for purposes of the wage statement claim.

Between December 29, 2013 and September 13, 2017 there were approximately 2,775 individuals employed in California in non-exempt positions by Thermo Fisher and its related entities. *See* Moss Decl. ¶ 3. These individuals worked an average of 60 bi-weekly pay periods (excluding weeks spent on leave of absence) between December 29, 2013 and September 13, 2017. *Id.* ¶ 4. Thus, there are currently approximately 2,775 individuals who are alleged to fall

---

[3] In filing this Notice of Removal, Defendants do not concede that any of Plaintiff's claims are valid and do not waive any of their defenses. *See e.g. Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[J]ust because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense . . . . The district court should not have relied on GeoEx's potential . . . defense to determine the amount in controversy."). Rather, when assessing the amount in controversy, a court must "'assum[e] that the allegations of the complaint are true and assume [that] a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint.'" *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citation omitted). Accordingly, this Notice of Removal analyzes the issues Plaintiff placed into controversy without addressing any available defenses and without any concession of or impact on Defendants' own assessment of the Action.

within the scope of Plaintiff's purported class definition and are alleged to be the Putative Class Members in this Action for purposes of Plaintiff's meal period, rest period, and unpaid wage claims. The average current hourly rate of the Putative Class Members who have worked in California between December 29, 2013 and September 13, 2017 is $25.00. *See* Moss Decl. ¶ 5.

In the Complaint, Plaintiff alleges, *inter alia*, that Defendants: (i) failed to provide accurate wage statements; (ii) failed to provide meal breaks; (iii) failed to authorize and permit rest breaks; and (iv) failed to pay all wages due. *See* Compl., *passim*. Plaintiff, on behalf of herself and those she alleges are similarly situated, seeks to recover unpaid wages, penalties, restitution, and attorneys' fees against Defendants for the four-year period preceding the filing of the Complaint, continuing to the present. *Id.* Based on these allegations, the amount Plaintiff has placed in controversy exceeds $5,000,000, as summarized and explained below.[4]

| | |
|---|---|
| Wage Statement Penalties | $211,700 |
| Meal Period Compensation | $4,132,500 |
| Rest Period Compensation | $4,132,500 |
| **TOTAL** | **$8,476,700** |

**Wage Statement Penalties:** In the Complaint, Plaintiff alleges that "Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide Wage Statement Penalties Sub-Class members with written wage statements as described above." Compl. ¶ 79.

California law requires employers to provide employees with itemized wage statements that accurately state the gross wages earned, total hours worked, net wages earned, and the name and address of the legal entity that is the employer, among other items. Cal. Lab. Code § 226. Employees who suffer injury from an employer that knowingly failed to provide the required itemized wage statements may recover wage statement penalties of $50 for an initial violation and

---

[4] To simplify this removal, Defendants have omitted a calculation of the amount placed in controversy by Plaintiff's claim for failure to pay all wages due. As the Court can see, consideration of this amount is unnecessary to determine that the total amount in controversy exceeds the statutory threshold for removal.

$100 for subsequent violations. *Id.* § 226(e). Under California Labor Code section 340(a), the limitations period for wage statement penalties is one year.

Between December 29, 2016 and September 13, 2017, 2,117 Putative Class Members were employed in California by Thermo Fisher and its related entities. Moss Decl. ¶ 6. Assuming that Plaintiff can establish just two non-compliant wage statements for each of those Putative Class Members, the amount in controversy as to Plaintiff's wage statement penalty claim would be $211,700 ($50 initial penalty x 2 violations x 2,117 Putative Class Members).

**Meal Period Compensation:** In the Complaint, Plaintiff alleges that Defendants denied her and the Putative Class Members meal periods. Specifically, Plaintiff alleges that "Plaintiff and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period before the fifth hour of work . . . . As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes before the fifth hour of work . . . ." Compl. ¶¶ 20, 21.

Under the California Labor Code, "[i]f an employer fails to provide an employee a meal period or rest period . . ., the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Cal. Lab. Code § 226.7(b). Because these payments are deemed to be wages, not penalties, the one-year statute of limitations applicable to penalties does not apply. *See Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1114 (2007):

> [W]e hold that the Court of Appeal erred in construing section 226.7 as a penalty and applying a one-year statute of limitations. The statute's plain language, the administrative and legislative history, and the compensatory purpose of the remedy compel the conclusion that the 'additional hour of pay' [citation] is a premium wage intended to compensate employees, not a penalty . . . .

Thus, Plaintiff and the Putative Class Members may potentially collect meal period compensation for the entire four-year liability period specified in the Complaint. *See Safeway, Inc. v. Superior Court of Los Angeles Cty.*, 238 Cal. App. 4th 1138, 1155-56 (2015):

> We therefore conclude that a UCL [Unfair Competition Law] claim may be predicated on a practice of not paying premium wages for missed, shortened, or delayed meal breaks attributable to the employer's instructions or undue pressure, and unaccompanied by a

suitable employee waiver or agreement.

Here, Plaintiff claims that Defendants "regularly" failed to provide Plaintiff and other Putative Class Members with uninterrupted and timely meal or rest breaks, as required by California law.  Compl. ¶¶ 20-23.  Plaintiff claims that she and the Putative Class Members are entitled to "unpaid premium wages" for each workday a meal period or rest period was not provided.  *Id.* ¶ 41, 42, 51, 53.

Assuming Plaintiff establishes that each Putative Class Member was prevented from taking one meal every pay period during the entire liability period, the amount in controversy as to Plaintiff's meal break claims would be at least $4,132,500 (1 meal period premium x 60 violations x $25.00 per hour x 2,775 Putative Class Members).

**Rest Period Compensation:**  In the Complaint, Plaintiff also claims that Defendants denied her and the Putative Class Members rest periods.  Compl. ¶ 22, 23 (alleging that "Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof . . . .  As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked . . . ."

Assuming Plaintiff establishes that each Putative Class Member was not provided one rest break every pay period during the entire liability period, the amount in controversy as to Plaintiff's rest break claims would be $4,132,500 (1 rest period premium x 60 violations x $25.00 per hour x 2,755 Putative Class Members).

### IV.   CONCLUSION

Because there is diversity of citizenship jurisdiction under the Class Action Fairness Act of 2005, because the amount in controversy is met, and because proposed class members number at least 100, Defendants have satisfied the requirements for removal under 28 U.S.C. § 1332(d) and respectfully request that this Court exercise its removal jurisdiction over this action.  In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request that it issue an Order to Show Cause so that Defendants may have an opportunity to more fully brief the Court on the basis for this removal.

Accordingly, Defendants hereby remove the above action now pending before the Superior Court of the County of Alameda to this Court.

DATED:  February 1, 2018                              GRUBE BROWN & GEIDT LLP


BY:   /s/ Elizabeth A. Brown
          ELIZABETH A. BROWN

Attorneys for Defendants
THERMO FISHER SCIENTIFIC, INC. and
MICROGENICS CORPORATION